IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Omar Martinez, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.  12 C 9978 |
| Fulton, Friedman & Gullace, LLP, a New York limited liability partnership, and Autovest, LLC, a Michigan limited liability company, | ) ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Omar Martinez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Omar Martinez ("Martinez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt he allegedly owed for a Wells Fargo account.

4. Defendant Fulton Friedman & Gullace, LLP ("FFG"), is New York limited liability partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, FFG was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Autovest, LLC ("Autovest"), is Michigan limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Autovest was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Autovest is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect directly, or through other debt collectors, like Defendant FFG.

7. Defendants FFG and Autovest are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct business in Illinois.

8. Defendant Autovest is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Autovest acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. On March 6, 2012, Mr. Martinez, along with his wife, filed a Chapter 13 bankruptcy petition in a matter styled In re: Martinez, N.D. Ill. Bankr. No. 12-08666. Among the debts listed on Mr. Martinez's bankruptcy petition were debts he allegedly owed to Wells Fargo, see, excerpt of bankruptcy petition attached as Exhibit C.

10. Accordingly, on March 8, 2012, Wells Fargo was sent, via electronic transmission, notice of the bankruptcy by the bankruptcy court, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

11. Moreover, on May 26, 2012, Wells Fargo was sent notice, via U.S. Mail, by the bankruptcy court, of the filing of a modified plan in Mr. Martinez's bankruptcy, see, Certificate of Service to the Modified Chapter 13 Plan, which is attached as Exhibit E.

12. Nonetheless, Defendants FFG and Autovest (as the assignee of Wells Fargo), sent a collection letter, dated October 19, 2012, directly to Mr. Martinez, demanding payment of the debt he had owed Wells Fargo prior to the bankruptcy. A copy of this collection letter is attached as Exhibit F.

13. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Demanding payment of a debt that is no longer directly owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

21. Here, the bankruptcy and the notices issued by that court (Exhibits D and E) told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit F), Defendants

4

violated § 1692c(c) of the FDCPA.

22.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(a)(2) Of The FDCPA –**
**Communicating With A Consumer Represented By Counsel**

23.      Plaintiff adopts and realleges ¶¶ 1-14.

24.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

25.     Autovest's predecessor in interest, Well Fargo, was repeatedly given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with this debt.  Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on his credit report.  Thus, Defendants should have been aware of Plaintiff's bankruptcy before the sent out the collection letter.

26.     By sending a debt collection letter directly to Mr. Martinez, despite notice that he was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

27.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Omar Martinez, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Martinez, and against Defendants, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Omar Martinez, demands trial by jury.

Omar Martinez,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: December 14, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com